# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION

### CIVIL NO. 2:07CV8

| | | |
|---|---|---|
| **EDWIN THOMAS MIMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MARK HELMRICH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**THIS MATTER** is before the Court on Plaintiff's timely filed objections to the Magistrate Judge's Memorandum and Recommendation filed pursuant to 28 U.S.C. § 636(b)(1).

## I. BACKGROUND

Plaintiff Edwin Thomas Mims, a resident of North Carolina, filed this suit against Defendant Mark Helmrich, a resident of Texas, alleging criminal conversation and alienation of affections. **Complaint, filed April 17, 2007, at 2-4.** Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting this Court does not

have personal jurisdiction over him because the basis for Plaintiff's criminal

conversation claim – Defendant engaging in sexual intercourse with his

wife[1] – did not occur in North Carolina.  **Defendant's Motion to Dismiss,**

**filed June 28, 2007, at 4.**  Defendant also contends the Court lacks

jurisdiction over him with regards to Plaintiff's claim of alienation of

affection because Plaintiff's wife lost affection for her husband for reasons

not associated with Defendant.  *Id.*  Further, Defendant contends this

Court's exercise of jurisdiction over him for these claims violates due

process.  *Id.* **at 5-7.**  Plaintiff, however, believes his suit in its entirety

invokes diversity jurisdiction under 28 U.S.C. § 1332, that Defendant has

sufficient minimum contacts to satisfy due process and bring him within the

jurisdiction of the North Carolina courts pursuant to North Carolina's long

arm statute, and that circumstantial evidence is sufficient to allow this

Court to exercise jurisdiction over Defendant on the claim of criminal

conversation.  **Plaintiff's Response, filed July 25, 2006, at 4-15.**  Finally,

Defendant, relying on this Court's precedent, also moved for this Court to

abstain from proceeding with this suit until the civil lawsuit currently

---

[1] Plaintiff and his wife have since separated from each other and are
pursuing a divorce.

pending in state court between Plaintiff and his wife has been resolved.[2]

**Defendant's Motion, at 7-8.** Plaintiff, however, opposes abstention on the grounds that the precedent relied upon by Defendant was an erroneous decision. **Plaintiff's Response, at 18.**

The Magistrate Judge issued a Memorandum and Recommendation regarding Defendant's motions, recommending this Court refrain from ruling on the motion to dismiss until further facts are known and grant Defendant's motion for abstention. **Memorandum and Recommendation, filed August 22, 2007, at 6.** Plaintiff has filed objections to both recommendations, and Defendant has not responded to Plaintiff's objections. **Plaintiff's Objections, filed September 4, 2007.** The Court has thoroughly reviewed the case, and Plaintiff's objections are ripe for ruling.

---

[2] In the pending state litigation, Plaintiff's wife seeks an equitable distribution of the marital property, and Plaintiff has counterclaimed seeking a divorce from bed and board on essentially identical grounds to those alleged against Defendant here.

## II.  STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997); *see also, Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").**  "Frivolous, conclusive or general objections need not be considered by the district court."  ***Battle*, 834 F.2d at 421.**  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  ***Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also Jones v. Hamidullah*, 2005 WL 3298966, at \*3 (D.S.C. 2005) (noting a petitioner's objections to a**

**magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]."** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor*, 81 F. App'x 445, 446 (4ᵗʰ Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4ᵗʰ Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4ᵗʰ Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

## III.  ANALYSIS

Plaintiff has filed specific objections to the Magistrate Judge's recommendation to refrain from ruling on Defendant's motion to dismiss until further facts are known about the case, as well as the recommendation to abstain from proceeding with this litigation until the

pending civil dispute between Plaintiff and his wife is resolved.  Plaintiff is,

therefore, entitled to *de novo* review of these recommendations.  Because

the Court agrees with the Magistrate Judge's recommendation on the

motion for abstention, the Court shall only address this portion of the

Memorandum and Recommendation and shall deny Defendant's motion to

dismiss.

Plaintiff's objections to the Magistrate Judge's recommendation to

abstain from proceeding in this case is based on the argument that the

Magistrate Judge, relying on this Court's precedent, placed inappropriate

weight on the possibility that Defendant might assert a defense against the

existence of North Carolina's alienation of affections tort action.  **Plaintiff's**

**Objections, at 3-4; Memorandum and Recommendation, at 5-6 (citing**

***Maynard v. Craft*, 2003 WL 22161589 (W.D.N.C. 2003)).**  Plaintiff asserts

that because Defendant has not actually challenged the validity of the

alienation of affections tort, the Magistrate Judge's recommendation is

baseless and the reliance placed upon this Court's precedent is erroneous.

The Court notes that "in a case seeking damages, rather than

equitable relief, a federal court may not abstain, but can stay the action

pending resolution of the state-law issue."  ***Jefferson County, Alabama v.***

***Acker*, 527 U.S. 423 435 n.5 (1999); *see also Henry v. Jefferson Co. Planning Comm'n*, 215 F.3d 1318 (table), 2000 WL 742188, \*4 n.6 (4th Cir. 2000) ("On remand, the district court maintains the discretion to manage its docket and consolidate these claims if appropriate, or stay the present action pending final disposition of the state court proceedings.").** Further, the Court recognizes the nearly identical scenarios presented to this Court through the present dispute and in *Maynard*. There, the plaintiff had asserted a number of claims against the defendant, including criminal conversation and alienation of affections, while the plaintiff pursued a divorce from her husband in state court. ***Maynard*, *supra*, at \*1-3.** This Court, however, chose to abstain from further proceedings until the plaintiff's state court dispute was resolved because the "status of the parties" directly effected the lawsuit filed before the Court. ***Id.* at \*1.** As the Court stated in that case, a federal court traditionally may abstain from exercising its diversity jurisdiction over domestic relations disputes when "the cause of action relates solely to the issuance of a divorce, alimony, or child custody decree[.]" ***Id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).** However, the Court further observed that

"[i]t is not inconceivable, however, that in certain circumstances, the abstention principles developed in *Burford v. Sun Oil Co.*, 319 U.S. 315 . . . (1943), might be relevant in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony or child custody. *This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.*"

***Id.* (quoting *Ankenbrandt*, *supra*, at 705-06 (internal quotations omitted)) (emphasis added).** Therefore, although a particular lawsuit may not involve a divorce, alimony, or child custody award, the Court may nevertheless abstain from exercising jurisdiction in a domestic relations dispute where "the very nature of the claims made do involve the status of the parties." ***Id.***

The issue in the present case, as it was in the *Maynard* case, turns on whether the status of the parties is at the heart of the asserted causes of action. Though Plaintiff claims the status of the parties has nothing to do with the present dispute, this Court finds that, "[c]ontrary to [Plaintiff's] assertion, the status of [his] domestic relationship as determined by the state courts is crucial to [his] claims for relief in this case." ***Amerson v. State of Iowa*, 94 F.3d 510, 512 (8th Cir.1996) (citing *Ankenbrandt*,**

*supra*). Specifically, and as the Magistrate Judge noted, Plaintiff's allegations asserted as the bases for his causes of action against Defendant are the same as those asserted against his wife in state court for divorce from bed and board. **Memorandum and Recommendation, at 5.** This Court has no desire to proceed with a case whose factual findings will substantially effect the outcome of a pending domestic relations dispute in state court. For, as this Court observed in *Maynard*, "there is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law." ***DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987); *see Maynard*, at \*3.** Further, "the case for abstention [is] even stronger if the claims here could not be resolved without deciding a dispute as to family status under state law, or if the relief sought would interfere with the state courts' machinery for divorce, alimony or child custody." ***Dunn v. Cometa*, 238 F.3d 38, 42 (1st Cir. 2001) (internal citations omitted).** Additionally, North Carolina is one of the few states remaining to retain the torts of alienation of affections and criminal conversation. This unique state of the law inherently produces "case[s] [which] present[] difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the

case then at bar[,]" and thus the case for abstention is further compelled.

***Ankenbrandt*, at 705-06 (internal quotation omitted).** Because the

nature of Plaintiff's claims against Defendant are incredibly state-specific

and will have a direct impact on Plaintiff's pending suit for divorce from bed

and board in the North Carolina state courts, this Court shall abstain from

further proceedings until the state dispute is resolved.

Furthermore, after reviewing the Magistrate Judge's

recommendation, Plaintiff's objections, and the *Maynard* case, it is clear to

this Court that Plaintiff's interpretation of the Magistrate Judge's

recommendation is incorrect. Plaintiff's argument that the Magistrate

Judge relies "heavily" on the possibility that Defendant may assert a certain

defense grossly misreads and splices the language provided by the

Magistrate Judge. Specifically, the portion of the Memorandum and

Recommendation cited by Plaintiff in his objections reads in its entirety,

> The [*Maynard*] court indicated that the status of plaintiff's
> domestic relationship as determined by the state court was
> crucial to her claims in this court, that the claims in this court all
> related to relationship with her spouse, that the authority of the
> state court is threatened by shadow federal court proceedings,
> and that a defense that the cause of action for alienation of
> affections should be abolished is better resolved by the state
> courts which created it. While defendant has yet to assert such
> defense, he does however contend that he would be entitled to
> set off in this action any recovery plaintiff might receive from his

spouse in the state court action.  Answer, at ¶ 13.  In the end,
the court in *Maynard* stayed the federal action "so that the
parties may pursue their state court remedies." . . .

*Finding no substantial difference between Maynard and this
action*, the undersigned will respectfully recommend that
defendant's Motion for Abstention be GRANTED, and that the
district court stay this action pending resolution of the domestic
action in Clay County.

**Memorandum and Recommendation, at 5-6 (emphasis added)**

**(footnotes omitted).**  Read as a whole, it is obvious that the Magistrate

Judge did not base his recommendation on one small portion of the

*Maynard* analysis, but rather based his recommendation on the opinion's

legal principles in their entirety.  Plaintiff's objections focus only on one part

of the Magistrate Judge's comparison of the *Maynard* case and the present

dispute, and thus simply do not capture the importance and relevance of

*Maynard* which the Magistrate Judge correctly relied upon in making his

recommendation.  The Court, therefore, does not find Plaintiff's objections

warrant reversal of the Magistrate Judge's recommendation and hereby

adopts the Magistrate Judge's recommendation to abstain from further

proceedings in this case until Plaintiff's dispute with his wife in North

Carolina state court is resolved.  The Court issues no opinion on the

substantive validity of Defendant's motion to dismiss, and denies said motion.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is **DENIED**, and this action is hereby **STAYED** pending resolution of any remedies the parties may pursue in the state courts.

The Clerk of Court is directed to administratively close this proceeding; the parties are directed that the matter may be reopened on motion by either party to lift the stay.

Signed: October 11, 2007

Lacy H. Thornburg
United States District Judge